IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jeffrey R. Spisinki, individually and on behalf of all others similarly situated, | |
| | **COMPLAINT – CLASS ACTION** |
| Plaintiff(s), | (Jury Trial Requested) |
| -vs- | |
| Burlington Financial Group, LLC, | |
| Defendant(s). | |

Plaintiff, complaining of the Defendant above named, would respectfully show as follows:

## JURISDICTION

1. The Plaintiff resides in Greenville County, South Carolina.

2. Defendant Burlington Financial Group ("BFG") is a Maryland limited liability company with a principal place of business at 32 West Road, Suite 310, Towson, Maryland 21204, whose members and "nerve center" are located in Maryland.

3. This Court has jurisdiction over the parties and subject matter of this action under 28 U.S.C. §§ 1331 and 1337.

4. The amount in controversy in this case exceeds $75,000.00, and there is complete diversity of citizenship between all parties, such that jurisdiction over the parties and subject matter of this action exists under 28 U.S.C. § 1332.

1

## FACTUAL ALLEGATIONS

5. BFG describes itself as a "debt validation business," advertising a "custom design documents process" and states that it "uses" certain federal laws to require collectors and creditors to "verify' information, in an effort to help consumers eliminate or get out of debts.

6. BFG also tells consumers that it can improve their credit.

7. BFG requires monthly payments from consumers for its services, which payments and fees sometimes total more than $10,000.00, some of which are ostensibly for "debt consolidation."

8. BFG also tells consumers that, if they are sued while or after using BFG's "validation process" that BFG will refund the fees paid BFG, that BFG is in partnership with "Verital Legal Plan, Inc." and represents that consumers will be "fully protected by us and Veritas and us throughout your entire Debt Validation Program."

9. BFG solicits consumers in the State of South Carolina through "Enrollment Specialists," who are in fact commission based salespersons with no authorization to give legal advice.

10. In or around May of 2018, Plaintiff was enrolled in Defendant's "Plan."

11. Thereafter, Defendant BFG withdrew sums of money each month to "consolidate" his debts, for its validation services, to "protect" Plaintiff from collectors or litigation through its "process" or partnership with Veritas, and to prevent negative information from appearing on Plaintiff's credit.

12. Plaintiff paid Defendant, over the next two years, in excess of $7500.00.

13. Defendant took no meaningful action, contrary to its representations, resulting in Plaintiff's being dunned mercilessly and continuously by creditors and collectors, suffering damage to his credit, and receiving nothing from the vast amount of money paid to BFG.

14. Unbeknownst to Plaintiff, Defendant BFG had numerous consumer complaints against it, and just one year prior to enrolling Plaintiff, had entered into a Consent Judgment that required it cease the above activities, and cease doing business entirely in the District of Columbia due to its wrongful conduct. District of Columbia vs. Burlington Financial Group, LLC, and Sang Yi, Case No. 2017 CA 002635 B (Order entered May 23, 2017).

15. Defendant BFG was further ordered to refund all sums paid by residents of the District of Columbia for its violation of the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901, *et seq.* and the District's Consumer Credit Service Organizations Act ("CCSOA"), D.C. Code § 28-4601, *et seq.*

16. As a direct and proximate result of BFG's near-identical conduct in South Carolina – and violation of South Carolina's similar Act, Plaintiff has been damaged.

17. The wrongful acts of the Defendant described herein caused concrete and particularized harms and losses, including of pocket losses; including all sums paid by Plaintiff to BFG, avoidable and unjust indebtedness and accrued interest, loss of the promised benefits of BGF's "program," and such other harms and losses as may be shown at trial.

18. Defendant must pay all sums needed to compensate for all harms and losses proximately caused by the wrongful acts described herein, to return Plaintiff to the position enjoyed prior to wrongful injury.

19. For those harms and losses that are reasonably expected to continue into the future, Defendant must compensate for their expected continuing impact and effect,

20. Additionally, due to the intentional or reckless nature of the wrongful acts described herein, Defendant must be required to pay nominal or symbolic damages, as well as punitive damages to punish said conduct, and deter its reoccurrence in the future.

21. Defendant must further be required to pay attorney's fees and costs, as well as the penalties mandated by its violation of important statutory rights referenced below.

22. All of the harms and losses caused by Defendant are likely to be redressed by a favorable judicial decision, through an award of the above damages, assessment of fines and

punitive damages, an award of attorney's fees and all litigation costs, and injunctive relief.

## CLASS ALLEGATIONS

23. The claims contained herein are brought as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of Plaintiff and a class defined as: all persons in the State of South Carolina who have paid sums of money to BFG, at any time.

24. The Class as defined below are so numerous that joinder of all members is impracticable.

25. Class members can be identified by using records maintained by Defendant.

26. There are questions of law or fact common to the class. Common questions of law and fact include whether BFG's actions violated the South Carolina Credit Counseling Act, the damages suffered by members of the Class, whether punitive damages should be awarded, and whether the Court should order injunctive relief.

27. The claims are typical claims of the members of the Class, who suffered the same damages arising out of the same wrongful conduct, differing only in the intercepted amounts.

28. The representative Plaintiff will fairly and adequately protect the interests of the Class, having retained counsel competent and experienced in class action lawsuits and consumer protection law.

29. There are no interests antagonistic or in conflict with those of class members held by Plaintiff, who will represent adequately all class members.

## FIRST CAUSE OF ACTION

**(Violation of SC Code § 37-7-301, Consumer Credit Counseling Act)**

30. The above allegations are repeated and realleged herein as if set forth verbatim, to the extent not inconsistent with the allegations of this cause of action.

31. The definition of "consumer" contained in §37-1-301(10) applies to Plaintiff.

32. Defendant provided or offered to provide consumers credit counseling services for a fee, compensation, or gain, or in the expectation of a fee, compensation, or gain, including debt management plans, in or to residents of the State of South Carolina.
33. South Carolina Code §37-7-103 prohibits Defendant from engaging in such conduct without being licensed by the South Carolina Department of Consumer Affairs.
34. Defendant has no such license.
35. In addition to having no license to conduct business in South Carolina, Defendant failed to meet numerous other requirements required by the Act, including trust and surety requirements.
36. Upon information and belief, Defendant violated multiple provisions of the Act, including but not limited to:
    a. Making fraudulent, deceptive, or misleading representation to obtain information about a consumer, to solicit business with a consumer, or otherwise in connection with providing services for or on behalf of any consumer;
    b. Using unconscionable means to obtain a contract with a consumer or collect or attempt to collect a debt owed to the seller;
    c. Engaging in any unfair or deceptive act or practice in connection with a credit counseling service provided to a consumer, offering or establishing a term or condition in a contract with a consumer for providing the service, or any advertisement, or solicitation relating to the service;
    d. Collecting payments from a consumer before the payment being earned as specifically defined in the contract between the licensee and the consumer;
    e. Furnishing, or representing that it is authorized or competent to furnish legal advice or perform legal services unless supervised by an attorney as required by South Carolina law; or
    f. Compensating employees on the basis of a formula that incorporates the number of consumers the employee enrolls in its "Plan."

37. As a direct and proximate result of the foregoing, Defendant any contract between the parties is void and in addition to all sums received, Defendant must pay actual damages, punitive damages; and the costs of the action, including reasonable attorney's fees.
38. The acts alleged hereinabove constitute per se Unfair Trade Practices as provided in the Act, requiring payment of treble actual damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the prayer of the Plaintiff is for certification of the above Class, and for judgment in an amount sufficient to compensate Plaintiff for actual damages, together with punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper, as well as the Injunction of this Court requiring the permanent cessation by Defendant of all business and solicitation of business in South Carolina.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

_____
Dave Maxfield, Esq., FED ID No. 6293
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

February 9, 2021